## CHIDESTER v. UNITED STATES.
### No. 47693.

United States Court of Claims.
Feb. 7, 1949.

---

[1] D.C.Code 1940, § 12—201.
[2] Tom Reed Gold Mines Co. v. Brady, 55 Ariz. 133, 99 P.2d 97, 127 A.L.R. 905, 910; 34 Am.Jur. 59, 60.

Dean P. Kimball, of Washington, D. C. (M. P. Wormhoudt and Covington, Burling, Rublee, Acheson & Shorb, all of Washington, D. C., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Theron L. Caudle, Asst. Atty. Gen. (Andrew D. Sharpe and Ellis N. Slack, both of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and MADDEN, HOWELL, WHITAKER and LITTLETON, Judges.

MADDEN, Judge.

The plaintiff is the administrator of the estate of Lewis B. Mallery, who died on December 30, 1945. He sues for a refund of income taxes paid by him on the income of the decedent for the year 1945.

The decedent had been an employee of the National City Bank of New York from June 4, 1929, until his death. Except for a period of one month before he was sent abroad, all of his services for the bank had been in foreign countries, of which he was, during his services in them, a bona fide resident, though a citizen of the United States. At the end of November 1944, the decedent, then having been stationed in Brazil for some three years, came to the United States for his triennial vacation furlough of the three months of December, January, and February. Before he left Brazil, the manager of the bank's Rio de Janeiro branch had recommended that he be granted sick leave. The bank had no announced policy regarding sick leave and determined, at its discretion, the length of sick leave and the amount of salary payable during such leave, taking into consideration age, length of service, family responsibility, value to the organization, and other factors. The bank granted the decedent sick leave at his full salary of $8,030 per annum from March 1, 1945, to December 31, 1945. The decedent changed his residence from Brazil to the United States on March 1, 1945. As we have said, he died on December 30, 1945.

Our question is whether the salary which the decedent received while on sick leave in 1945 should have been subjected, as it was, to United States income tax.

In Section 116 of the Internal Revenue Code, covering exclusions from gross income, in subsection (a), applying to earned income from sources without the United States, paragraph (2), says the following:

"(2) Taxable year of change of residence to United States. In the case of an individual citizen of the United States, who has been a bona fide resident of a foreign

326

country or countries for a period of at least two years before the date on which he changes his residence from such country to the United States, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof), which are attributable to that part of such period of foreign residence before such date, if such amounts constitute earned income as defined in paragraph (3); but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection."

The quoted language of the statute seems to us to fit the instant situation quite exactly. The decedent had had the required foreign residence. He had earned his sick leave in foreign service, and the salary, though paid by a New York bank, was charged by it to its Rio de Janeiro branch. The salary was treated by the Government as earned income when the Government taxed it. If it was not earned income, it was, so far as occurs to us, a gift, and should not have been taxed as income at all. But it was taxed, and the Government would not concede, and, we suppose, ought not to concede, that such noncontractual payments are not taxable as income in ordinary situations.

The Government urges that the exemption granted by Section 116(a) (2) is somehow contingent upon the payment of income taxes for the period in question to the foreign country where the taxpayer resided when the income in question was earned. The avoidance of double taxation may well have been one of the motives for the enactment of the section, but the language does not make the imposition of taxes by or their payment to a foreign government a condition precedent to the permitted exclusion. We conclude, therefore, that the plaintiff may recover $1,755.52 with interest as provided by law.

It is so ordered.